

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2006

# F. v. William Penn

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"F. v. William Penn" (2006). *2006 Decisions.* Paper 412.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/412

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-4490

_____

MARISSA F., A minor, by and through
her parents, Mark and Lavinia F.;
MARK F.; LAVINIA F., Adults
individually and on their own behalf,

Appellants

v.

THE WILLIAM PENN SCHOOL DISTRICT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-00286)
District Judge: Honorable Louis H. Pollak

_____

Argued September 12, 2006

BEFORE: FUENTES, FISHER, and BRIGHT[*], Circuit Judges

(Filed: September 27, 2006)

Dennis C. McAndrews, Esq. (Argued)
Gabrielle C. Sereni, Esq.
McAndrews Law Offices
30 Cassatt Avenue
Berwyn, PA 19312
Counsel for Appellants
Andria B. Saia, Esq. (Argued)

---

[*]Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

Levin Legal Group, P.C.
1800 Byberry Road, Suite 1301
Huntingdon Valley, PA 19006
Counsel for Appellee

_____

OPINION

_____

BRIGHT, Circuit Judge.

Marissa F. and her parents (collectively, "Marissa") appeal the District Court's determination that the William Penn School District provided her with a "free appropriate public education" (FAPE) as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. For the reasons set forth herein, we will affirm the decision of the District Court.

Marissa is a learning disabled child under the IDEA. Although from 1996-2002 her parents communicated with the School District about the possibility of FAPE services, they never consented to a district evaluation and never enrolled her in a district school. Rather, they placed Marissa at a private school and received transportation expense reimbursement from the School District until 2001. In 2001, Marissa's parents transferred her from one private school to a different private school located more than ten miles outside the District, causing the School District to stop providing transportation expenses.

In the Spring of 2002, Marissa's parents initiated mediation and requested a due process hearing with respect to the denial of transportation benefits. They subsequently

2

added claims for tuition reimbursement and compensatory education. Once Marissa's parents initiated due process, they consented to the District's evaluation of Marissa and the development of an Individualized Educational Program (IEP). The School District completed a final IEP in October 2003. The hearing officer found that this IEP adequately provided Marissa with a meaningful education benefit, denied her compensatory education claim and her 1996-2001 tuition reimbursement claim, but awarded tuition reimbursement for the 2001-2003 school years because of the School District's failure to evaluate Marissa prior to 2002. The special education hearing panel reversed the award of tuition reimbursement and the District Court affirmed.

This Court has jurisdiction over IDEA cases pursuant to 20 U.S.C. § 1415. We exercise plenary review of the legal standard the District Court applied and review factual findings for clear error. L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 389 (3d Cir. 2006).

Marissa first challenges the District Court's denial of tuition reimbursement for the 2001-2002 school year. In Warren G. v. Cumberland County Sch. Dist., 190 F.3d 80, 84 (3d Cir. 1999), this Court denied tuition reimbursement for the period of time preceding the parents' request for a due process hearing. We based our decision in Warren G. on Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 158 (3d Cir. 1994). In Bernardsville, we explained that a school district should not have to reimburse parents for education expenses before the district receives sufficient notice, through a request for due process, that the parents challenge the adequacy of FAPE provided. 42 F.3d at 158.

In Marissa's case, at the time she sought due process, the School District, although

3

aware of Marissa's existence as a child entitled to FAPE, remained unaware of the parents' dissatisfaction with the FAPE services it could provide. Indeed, until that time, the District had not yet been afforded the opportunity to provide FAPE services to Marissa. Accordingly, the District Court correctly held that Warren G. bars Marissa's claim for tuition reimbursement for the 2001-2002 school year.

Marissa also challenges the District Court's denial of tuition reimbursement for the 2002-2003 school year. Although Marissa timely requested reimbursement for that year, the District Court denied her claim because it found that the School District's IEP provided her with a meaningful educational benefit.

Marissa argues that the District Court failed to conduct a meaningful review of the IEP. We do not require the District Court to make detailed factual findings unless it departs from the findings of agency authority. See S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260, 269-70 (3d Cir. 2003). In Marissa's case, the special education hearing panel and the District Court agreed with the hearing officer as to the adequacy of the IEP and we do not therefore require more detail.

The District Court need only find that the IEP provided a meaningful educational benefit, not the maximum educational benefit. See Id. at 270. The District Court properly gave "due weight" to the hearing officer's determination and engaged in its own independent analysis of the record, considering the testimony of four individuals who supported the IEP and the IEP itself. See L.E. v. Ramsey Bd. of Educ., 435 F.3d at 389 (articulating a modified de novo standard of review for District Court's review of hearing

4

officer's findings). It found that the IEP offered Marissa a reasonable opportunity to obtain a meaningful educational benefit. We agree with the District Court's conclusion; Marissa's claim for tuition reimbursement for the 2002-2003 school year fails.

Finally, we affirm the District Court's denial of Marissa's compensatory education claim. This Court has explained that cases awarding compensatory education involve "egregious circumstances or flagrant failure to comply with IDEA." Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 249 (3d Cir. 1999). Marissa's is not such a case. Compensatory education compensates a child for the failure of her school district; Marissa has not shown the School District denied her an adequate education. Accordingly, the District Court did not err by denying Marissa compensatory education.

For the reasons set forth above, we will affirm the judgment of the District Court.

_____